**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERARD F. CELLETTE, | No. 21-56135 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-04013-SB-MAR |
| v. | |
| DALE POMERANTZ, Board of Parole Hearings (Officer), official capacity; NEAL CHAMBERS, Board of Parole Hearings (Officer), official capacity, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted February 15, 2022**

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

California state prisoner Gerard F. Cellette appeals pro se from the district

court's order denying his motion for a preliminary injunction and dismissing his

due process and ex post facto claims in his 42 U.S.C. § 1983 action.  We have

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1292(a)(1). *Arc of Cal. v. Douglas*, 757 F.3d 975, 992-94 (9th Cir. 2014) (holding this court may exercise pendent appellate jurisdiction over otherwise non-appealable rulings inextricably intertwined with orders properly before the court on interlocutory appeal). We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We review for an abuse of discretion a denial of a motion for a preliminary injunction. *Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014). We affirm.

The district court properly dismissed Cellette's due process and ex post facto claims because his due process claims are barred by claim preclusion, and Cellette failed to allege facts sufficient to allege an ex post facto violation. *See Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (stating claim preclusion applies under California law if "two actions involve the same injury to the plaintiff and the same wrong by the defendant"); *Watson v. Estelle*, 886 F.2d 1093, 1096-97 (9th Cir. 1989) (holding an amendment to a law regulating parole procedure did not violate the ex post facto clause when the pre-amended law had not been enacted until after the plaintiff had committed the underlying crime).

The district court did not abuse its discretion by denying Cellette's motion for a preliminary injunction because Cellette failed to establish that he is likely to succeed on the merits of his claims. *See Jackson*, 746 F.3d at 958 (listing the

requirements to obtain a preliminary injunction).

We reject as without merit Cellette's contention that the magistrate judge engaged in improper behavior.

We do not consider Cellette's contentions relating to his motion for recusal because that issue is outside the scope of this appeal.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**